# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20378
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 23, 2017

Lyle W. Cayce
Clerk

ANDREW ANTONY; JENSY ANTONY,

     Plaintiffs - Appellants

v.

FEDERAL HOME LOAN MORTGAGE CORPORATION; FLAGSTAR BANK FSB; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED, also known as MERS,

     Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-1062

Before STEWART, Chief Judge, and JOLLY and JONES, Circuit Judges.

PER CURIAM:*

     Plaintiffs-Appellants Andrew and Jensy Antony challenged the foreclosure of their home, asserting wrongful foreclosure, quiet title, breach of contract, and violations of the Truth in Lending Act ("TILA"), and seeking a declaratory judgment that Defendants-Appellees did not have an interest in

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20378

the Antonys' property.  Appellees moved for summary judgment on all claims, which the district court granted.  The Antonys now appeal.  We AFFIRM.

## I.

On March 12, 2010, Jensy Antony signed a Texas Home Equity Note for $129,000 in favor of United Midwest Savings Bank ("United").  Thereafter, as United's nominees, the Antonys obtained a mortgage, signing a Texas Home Equity Security Instrument granting Mortgage Electronic Registrations Systems, Inc. ("MERS") a security interest in the residence for which they had taken out the loan.  On March 22, 2010, United notified the Antonys that it had transferred its right of ownership and loan servicing rights to Flagstar Bank ("Flagstar").

In May 2012, the Antonys defaulted on the loan.  On August 23, 2012, James Abbas, a Flagstar employee and MERS signing officer authorized to transfer mortgages, assigned the Deed of Trust from MERS to Flagstar, recording the assignment in the Harris County real property records on August 31, 2012.  Flagstar instituted foreclosure proceedings in December 2012 and foreclosed on the home in September 2013.  Ultimately, the Federal Home Loan Mortgage Corporation ("Freddie Mac") took possession of the property.

## II.

In February 2014, the Antonys brought suit against United, Flagstar, and Freddie Mac in Texas state court.  In their amended complaint, the Antonys asserted wrongful foreclosure, quiet title, breach of contract, and TILA claims, and sought a declaratory judgment that Appellees did not have an interest in the Antonys' property.  Appellees removed the action to federal district court and thereafter moved for summary judgment on all claims.  On March 10, 2016, the district court granted Appellees' motion, finding that (1) Flagstar had standing to foreclose on the Antonys' property; (2) the Antonys did not hold superior title, as they had not paid the principal outstanding

No. 16-20378

balance on the mortgage; (3) the statute of limitations had run on the Antonys' TILA claim; and (4) that the Antonys could not establish a breach of contract claim. The Antonys moved for reconsideration, which the district court denied on May 19, 2016.

## III.

On appeal, the Antonys allege that the district court erred in holding that (1) Flagstar had standing to foreclose on their home, (2) they did not hold superior title to the property, (3) the statute of limitations on their TILA claim had run, and (4) that they had not established the essential elements in their breach of contract claim.

## IV.

"We review a district court's grant of summary judgment de novo, applying the same standards as the district court." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (citing *Garcia v. LumaCorp, Inc.*, 429 F.3d 549, 553 (5th Cir. 2005). After considering the parties' arguments as briefed on appeal, and after reviewing the record, the applicable law, and the district court's well-reasoned and thorough opinions, we AFFIRM the district court's judgment and adopt its analysis in full.